**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>**ROBERT MICHAEL HOWARD,**<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br>**INFORMATION**<br>18 U.S.C. § 371<br><br>**FORFEITURE** |

**THE UNITED STATES ATTORNEY CHARGES:**

At times material to the Information:

1. From around 2008 through around April 2023, Defendant **ROBERT MICHAEL HOWARD** owned and operated ME Electronics, a company that did business with the Surplus Department of The Ohio State University. The Surplus Department received and disposed of used surplus assets from across the University, including computers and peripherals. **HOWARD**, through ME Electronics, contracted with the Surplus Department to purchase and dispose of certain assets.

2. Michael Brammer was an employee of the Surplus Department whose responsibilities included evaluating and disposing of surplus assets, generally through recycling or public sale. Assets deemed "recyclable" were sold in bulk at a low cost to recycling vendors such as ME Electronics, while assets deemed "saleable" were sold by the Surplus Department at a public sale.

3. Each year from 2016 through 2020, Ohio State received more than $10,000 of Federal benefits from the U.S. Department of Education and other Federal programs involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

## COUNT 1
### (Conspiracy to Commit Federal Program Theft)

4. Paragraphs 1 through 3 are incorporated here.

5. From in or around 2016 through in or around 2020, in the Southern District of Ohio, Defendant **ROBERT MICHAEL HOWARD** and Michael Brammer knowingly and voluntarily conspired and agreed to commit federal program theft, in violation of 18 U.S.C. § 666(a)(1)(A).

### Object of the Conspiracy

6. The object of the conspiracy was for **HOWARD** and Brammer to unlawfully enrich themselves through a scheme in which Brammer sold valuable, "saleable" assets—generally computers and peripherals—to **HOWARD** at artificially low prices, as if the goods were "recyclable"; and **HOWARD** in turn paid Brammer cash.

### Manner and Means of the Conspiracy

It was part of the conspiracy that:

7. **HOWARD** identified for Brammer the types of assets he wanted to acquire at an artificially low price.

8. Brammer prepared and **HOWARD** paid false invoices from the Surplus Department to ME Electronics that charged nominal sums or nothing at all for assets Brammer and **HOWARD** knew were worth far more than the invoice amount.

9. **HOWARD** regularly paid Brammer thousands of dollars a week in cash and made frequent pickups of assets from the Surplus Department.

10. The total loss to the Surplus Department was approximately $530,934.80.

## Overt Acts

11. In furtherance of the conspiracy and to accomplish its objects, the following overt acts, among others, were committed in the Southern District of Ohio:

   a. On or about August 16, 2018, Brammer wrote an invoice from the Surplus Department to ME Electronics for the following: 24 "Scrap CPU," each for $5, for a total of $120; 19 "Scrap Monitors," each for $2, for a total of $38; 1 "Recycle Box" for $50; and 7 "Dell A10 (no power)," each for $5, for a total of 35. The total invoice was $243.

   b. On or about August 15, 2018, **HOWARD** withdrew $6,000 from his bank account; Brammer deposited $6,000 in cash in his bank account the next day, August 16, 2018.

   c. On or about March 19, 2020, Brammer wrote an invoice from the Surplus Department to ME Electronics for: 43 "Scrap CPU," each for $5, for a total of $215; and 28 "Scrap Monitors," each for $2, for a total of $56. The total invoice was $271.

   d. On or about March 19, 2020, **HOWARD** withdrew $3,000 from his bank account; Brammer deposited $3,000 in cash in his bank account the same day.

**All in violation of Title 18, United States Code, Section 371.**

## FORFEITURE ALLEGATION

12. The allegations contained in this Information are realleged and incorporated here for the purpose of alleging forfeitures to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

13. Upon conviction of the offense in violation of 18 U.S.C. § 371 as set forth in Count 1 of the Information, the defendant, **ROBERT MICHAEL HOWARD**, shall forfeit to

the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, constituting or derived from proceeds traceable to such offense, including, but not limited to $530,934.80 in United States Currency in the form of a forfeiture money judgment, which represents an estimate of the proceeds the defendant obtained as a result of his violation of 18 U.S.C. § 371.

### Substitute Assets

14. If, as a result of any act or omission of the defendant, **ROBERT MICHAEL HOWARD**, the forfeitable property so described, or any portion thereof;

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, **ROBERT MICHAEL HOWARD**, up to the value of the forfeitable property.

**Forfeiture in accordance with 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

 

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

_/s/ David J. Twombly_

**DAVID J. TWOMBLY, 0092558**
**Assistant United States Attorney**

4